UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HEKAWI LLC,

    Plaintiff,

v.                                           CASE NO. 8:19-cv-2340-T-02AEP

MARLOW YACHTS, LTD. and
MARLOW MARINE SALES, INC.,

    Defendants.
_____/

## **ORDER**

Before the Court are the motions of Marlow Yachts, LTD (hereafter "Marlow LTD") to quash service of process and to dismiss for lack of personal jurisdiction. Dkts. 16, 30. Plaintiff has responded. Dkts. 24, 26. The Court denies both motions.

The Court addresses personal jurisdiction first. The black-letter law as to adjudicating personal jurisdiction is well-known and well-traveled, and the Court does not repeat it here.[1] Marlow LTD is a manufacturer claiming to be formed in Bermuda, domiciled in Xiamen China, and outside of Florida jurisdiction. But it sells its yachts into Florida systematically through its affiliates' sales channels, has

---

[1] *United Techs. Corp. v. Mazer,* 556 F.3d 1260, 1274 (11th Cir. 2009).

1

multiple agents and connections to Florida, and writes and obliges itself on warranty policies in Florida governed by Florida law. Marlow LTD is part of a long-established Florida yacht sales company. The Marlow boat companies "do not always make efforts to keep the separate identified distinct." *Grenier v. Marlow Yachts, Ltd.*, No. 8:11-cv-2083-T-27TGW, 2012 WL 4471247, at *1 (M.D. Fla. Aug. 22, 2012). The Marlow LTD chairman and also its president are residents of the Tampa Bay area. *Id.; see also Kakawi Yachting, Inc. v. Marlow Marine Sales, Inc.,* No. 8:13-cv-1408-T-TBM, 2014 WL 12650700 (M.D. Fla. Feb. 14, 2014). Given its pervasive contacts and agents within Florida, Marlow LTD's attempts to avoid domestic jurisdiction, while bold, are meritless.

### A. FACTUAL BACKGROUND:

Plaintiff's predecessors, Gary and Heather Newell's trusts, purchased a large yacht costing over $2 million. The yacht was sold by Marlow Marine Sales, Inc. (hereafter "Marlow Sales") which is based in Snead Island, Manatee County, Florida. Dkt. 26-2. The yacht was manufactured by Marlow LTD, which is affiliated with Marine Sales, as Marine Sales is the sale agent for Marlow LTD. LTD claims to be based in China where it manufactures the yachts. Marlow LTD manufactures large yachts in China and sells them through affiliated companies into Florida. The sales documents show the sole warrantor was LTD, not Marlow Sales. Both Marlow LTD and Marlow Sales operate under the generic term

2

"Marlow Yachts" along with several other domestic companies such as Marlow Yachts, Ltd., Inc. and Marlow Marine Service, Inc. *E.g.*, Dkt. 26-2 at 1, 11. Only Marlow LTD claims to be a non-Florida domiciliary.

The sales contract was between Marlow Sales and Plaintiff. The contract contains a Manatee County and Pinellas County venue provision and provides for Florida law to govern. Dkt. 26-2 at 2. The sales contract states that only the manufacturer's warranty applies, and Marlow Sales cannot alter any such manufacturer's warranty. *Id.* Marlow LTD is the manufacturer. If the buyer has owner-supplied items for the yacht construction, the owners must provide them in advance to Marlow Yachts in Florida, or direct deliver the goods to "Norsemen Shipyards [location unspecified]." Dkt. 26-2 at 3.

The warranty document states that it is between Plaintiff and Marlow LTD. Dkt. 26-2 at 9. The warranty required a registration card to be returned to Marlow LTD at Marlow's Snead Island address. Marlow LTD did not sign the warranty document. The warranty document was initialed at the bottom of each page by the local entity Marlow Sales. *Id.* To make a warranty claim, the buyer is instructed to contact Marlow Sales, or to deliver a written demand to the Snead Island, Manatee County address. Warranty repairs will then be arranged by Marlow LTD or an authorized dealer that Marlow LTD selects. *Id.* 26-2 at 9. The warranty document states that Marlow LTD maintains owner registrations lists as required

3

under the Federal Boat Safety Act. *Id.* The warranty states that if repairs are needed to be done, Marlow LTD or Marlow Sales (the dealer) will execute the warranty procedures.

At the bottom of the warranty document there is no signature by Marlow LTD, but there is a logo with a yacht and an inscription underneath that says: MY® Marlow **Yachts** Marlow Yachts LTD. This logo is similar to the logo on the Marlow Sales customer sales contract. *Compare* Dkt. 26-2 at 1, 3, 4 *with* Dkt. 26-2 at 10. This logo for LTD can be found on other LTD documents from other, earlier Florida lawsuits over warranties. In those earlier lawsuits, this LTD logo also had the Snead Island, Florida address under it. *See Greiner v. Marlow Yachts Ltd.,* No. 8:11-cv-02083-T-27TGW (M.D. Fla.) at Dkt. 1-3 (exhibit to complaint). Snead Island is a barrier island in Manatee County where Marlow Yachts is based.

Plaintiff's predecessors took delivery in 2018 of the boat manufactured by Marlow LTD and sold through Marlow Sales. Plaintiff contends that defects soon arose. Dkt. 1 at 3–6. Plaintiffs made warranty claims under the contract documents, asserting they notified in a timely manner both Marlow LTD and Marlow Sales, who was LTD's warranty representative. *Id.* at 4–6, Dkt. 1-2; Dkt. 1-3. Plaintiff seeks various warranty claims against both Marlow LTD and Marlow Sales.

4

Marlow LTD responded to the lawsuit by filing a motion to quash process and to dismiss for lack of personal jurisdiction. Dkt. 26. Marlow LTD noted that it was a Bermudian entity with its principal place of business (yacht construction) in China.

## B. DISCUSSION

To establish personal jurisdiction over a non-resident defendant, a plaintiff must show that jurisdiction is proper under the Florida long-arm statute and that there are sufficient "minimum contacts" by the defendant to comport with constitutional due process. *Sun Bank, N.A. v. E.F. Hutton & Co.*, 926 F.2d 1030, 1033 (11th Cir. 1991). It is clear that Marlow LTD does substantial, not isolated, business in Florida as a manufacturer of large luxury yachts that it sells into Florida systematically through its affiliates. Both as to general jurisdiction and specific jurisdiction involving this specific boat and these specific warranty claims, Marlow LTD is subject to Florida jurisdiction. This is not a close call.

Section 48.181 of the Florida Statutes subjects this non-resident to Florida jurisdiction because it is carrying on a business venture in Florida. Fla. Stat. § 48.181(3) ("Any person, firm, or corporation which sells, consigns, or leases by any means whatsoever tangible or intangible property, through brokers, jobbers, wholesalers, or distributors to any person, firm or corporation in this state is conclusively presumed to be within this state and operating, conducting, engaging

5

in, or carrying on a business or business venture in this state."). Marlow LTD makes boats that it sells and warrants in Florida. It uses its affiliated agents to manage its warranty in Florida. It requires documents or notice to be delivered to it in Florida concerning the warranty. And, because Marlow is engaged in substantial and not isolated activity within Florida, by sending its multi-million-dollar boats there through close affiliates and warranting them through LTD's affiliates, the longarm statute of subsection 48.193(2) applies. Further, jurisdiction exists under Section 48.193(1)(g) of the Florida Statutes. *See Grenier*, No. 8:11-cv-2083-T-27TGW, 2012 WL 4471247, at *3 (citing *McCarter v. Bigfoot Indus., Inc.*, 805 So.2d 1028, 1031–1032 (Fla. 4th DCA 2001) (holding that section 48.193(1)(g) was satisfied where a buyer alleged that a foreign "warrantor has sales and service agreements with dealers throughout Florida, including seller" and "under these agreements the dealers in Florida performed warranty obligation for warrantor on vehicles made and sold by warrantor")).

Marlow LTD is no different than Toyota Motors, who might make and warrant a Japanese-manufactured Camry that its dealers sell and service in Florida. Marlow LTD notes that the "warranty issued by Marlow LTD bears absolutely no Florida address." Dkt. 16 at 16. This is true, and in fact the warranty oddly bears no address whatsoever for Marlow LTD, the contracting warrantor. Marlow LTD only operates through its agents, all who are in Florida. Through its President

Michael F. Cannova's declaration, Marlow LTD seems to state that since LTD makes and sells its boats (in effect) FOB China, it is immune and entirely outside of Florida jurisdiction. Dkt. 16 at 18; Dkt. 16-2.[2] President Michael Cannova swears in his declaration that Marlow LTD has no subsidiaries, sales representatives, or offices in Florida. *Id.* Marlow LTD's President Cannova does not comment on the fact that Marlow LTD sold (through an affiliate whose President is also Cannova) a warranty in Florida for a boat sold here, which warranty claims are to be handled by LTD's Florida-based affiliate. The Marlow LTD warranty expressly mentions domestic agents. Marlow LTD's warranty is a promise by LTD that it was handsomely paid for and that Plaintiffs claim is breached. Under Florida law, acts subjecting a company to jurisdiction in Florida include "breaching a contract in this state by failing to perform acts required by the contract to be performed in this state." Fla. Stat. § 48.193.

The president of the China-based and Bermuda-formed Marlow LTD wears several hats: LTD's president also serves as president of Manatee County-based

---

[2] F.O.B or "free on board" is a delivery term that means "that the seller is required to pay the freight charges and bear the risk of loss as far as the buyer's named destination." Free On Board, Black's Law Dictionary (11th ed. 2019). In effect, title and responsibility pass at the F.O.B. location — in this case China.

7

Marlow Sales and Marlow Yachts, Ltd., Inc.[3] In this role as president of Marlow Sales, Mr. Cannova signed all the papers selling this allegedly-defective yacht pursuant to a Florida venue and choice of law contract. *See* Dkt. 26-2. And, as President of Marlow Sales, Mr. Cannova appears to have initialed each page of the Marlow LTD warranty that was an integral part of this yacht sale.

Marlow LTD's position, although unstated, is that it can build a luxury yacht and sell a warranty on it, but if the boat is defective the unlucky purchaser may only sue on that warranty in China or Bermuda. The contention that the warrantor/manufacturer of this boat is immune from personal jurisdiction in Florida is frivolous. Plaintiff point out that the warranty procedure issued by Marlow LTD directs the purchaser to provide warranty complaints to the manufacturer at the Snead Island, Manatee County Marlow address. Likewise, the owner registration also issued by Marlow LTD directs the registration documents to be sent to LTD c/o that same Manatee address (or a local Manatee fax number). Dkt. 24 at 4. This same address for Marlow LTD can be found in other domestic litigation regarding boats manufactured and warranted by LTD. *E.g., Greiner,* No. 8:11-cv-2083-T-27TGW at Dkt. 1-3 at 3 & Dkt. 67 n.1 at 3. Yet the sales agent

---

[3] *Grenier,* No. 8:11-cv-2083-T-27TGW, 2012 WL 4471247, at *1. This prior litigation shows that the Marlow entities had a complicated titling arrangement that would appear to be an attempt to isolate the manufacturer Marlow LTD from domestic litigation. *See id.* at *3–4. This is a "form over substance" issue. LTD is the warrantor of boats it knows are sold into Florida systematically on a contract requiring Florida venue and choice of law. LTD must respond to the warranty it sells.

and the party initialing the warranty, Marlow Sales, here decries and disclaims any liability for any warranty whatsoever and states that the sole warrantor is only Marlow LTD. *See* Dkt. 18.

The personal jurisdiction issue is best answered by the finding in an earlier lawsuit, a case that the Court finds apt. That court stated:

> Moreover, the exercise of jurisdiction over Marlow Ltd. does not offend notions of fair play and substantial justice. Relevant factors of this inquiry include "the burden on the defendant, the interests of the forum. . . , and the plaintiff's interest in obtaining relief." *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 631 (11th Cir. 1996) (quoting *Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 113 (1987)). Florida has a strong interest in seeing that sales contracts negotiated by persons within the State and warranties issued thereunder are honored by the parties and in ensuring a party an adequate remedy in case of a breach of such agreements. In the given circumstances, Florida would appear to have a greater interest in these transactions than either Bermuda or China may claim. The burden on Marlow Ltd. in defending the suit in this forum appears minimal as its officers, Mssrs. Marlow and Cannova, and those employees involved in the warranty disputes are residents of the State and located in the area of Snead Island, Florida. Moreover, Florida offers Plaintiff a ready forum to pursue effective relief on its claims.

*Kakawi Yachting, Inc.,* No. 8:13–cv–1408–T–TBM, 2014 WL 12650104, at *6.

A similar ruling was also obtained in another Marlow LTD attempt to avoid personal jurisdiction in a suit against it for breach of its warranty. *Grenier*, No. 8:11-cv-2083-T-27TGW, 2012 WL 4471247. There, Judge Whittemore found personal jurisdiction against Marlow LTD. Today the Court rules the same way.

9

Thus, this Court finds that Marlow LTD is subject to personal jurisdiction under both the Florida long arm statutes and under the United States Constitution. And because the complaint contains causes of action arising under federal law, personal jurisdiction against Marlow LTD also exists under Fed. R. Civ. P. 4(k)(2). If Marlow LTD wishes to avoid personal jurisdiction in the Florida courts, it should stop selling warranties on multi-million-dollar boats that its close affiliates sell systematically throughout the state.

The Court next turns to Marlow LTD's motion to quash service. Marlow LTD claims that it was not properly served, and service upon it as a Bermudian and Chinese company must be made through international treaty.

Several years ago, in a similar breach of warranty suit Magistrate Judge McCoun regrettably found that Marlow LTD, through its principals Marlow and Cannova, willfully avoided service of process in this District. *Kakawi Yachting, Inc. v. Marlow Marine Sales, Inc.*, No. 8:13-cv-01408-T-23TBM. Plaintiff has properly served Marlow LTD here.

The Federal Rules permit service in any manner consistent with state law. Fed. R. Civ. P. 4(e)(1); 4(h)(1)(a). The Court finds that Plaintiff properly served Marlow LTD with service under Florida Statute § 48.181. That statute says that the acceptance of nonresidents like Marlow LTD of the privilege to carry on business in Florida constitutes an appointment by the nonresident of the Secretary

10

of State as an agent on whom all process may be served, for any action arising out of the business conducted in Florida. Fla. Stat. § 48.181(1). Warranting multi-million-dollar new yachts in Florida subjects Marlow LTD to service under Fla Stat. § 48.181.

Here, Plaintiff served the Secretary of State, and also sent via certified mail to Marlow LTD at the Snead Island office the complaint, the exhibits, and the Secretary of State's acceptance of process. Dkt. 24-2. The complaint adequately sets forth the jurisdictional basis for this substituted service. The service was also supplied to Marlow LTD's long-time counsel, who has long represented Marlow LTD and the Marlow interests in other boat warranty and related litigation. This same counsel also here represents LTD's close affiliate/present codefendant, with whom LTD shares a president and a chairman. These two officers of all the Marlow entities both live in the Tampa Bay area.

It has long been the law in this Circuit that the test used to determine if service upon an agent is sufficient to constitute service upon a corporation is whether or not, in fact, the corporation will receive notice of the action. *Woodham v. Northwestern Steel & Wire Co.,* 390 F.2d 27, 30 (5th Cir. 1968).[4] There is no

---

[4] *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding that decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding in the Eleventh Circuit).

11

doubt that LTD was on notice that Plaintiff claims Marlow LTD breached the warranty.

Accordingly, the Defendant Marlow LTD's motions to quash service of process and to dismiss (Dkt. 16) are denied. Defendant shall file its answer and defenses to the operative complaint within fourteen (14) days.

**DONE AND ORDERED** at Tampa, Florida, on March 5, 2020.

*s/William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record